# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,
        Petitioner,

v.                                                 Case No. 13-CV-00768

STATE OF WISCONSIN,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Ricky Jones has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner plead guilty in Milwaukee County Circuit Court to operating while intoxicated under Wis. Stat. §§ 346.63(1)(a), and, on August 10, 2011, that court sentenced him to three years incarceration and three years extended supervision. The court then stayed the sentence and placed petitioner on probation for three years with the condition that he serve six months in the House of Corrections.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims

and exhausted available state remedies. Having reviewed the petition, I am unable to say that the petitioner is not entitled to relief.

**THEREFORE, IT IS ORDERED** that within **30 days** of the date of this order respondent shall **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have **45 days** following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have **45 days** following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have **30 days** following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have **45 days** following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have **30 days** following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge