# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

                 Petitioner,

     v.                                 Case No. 13-CV-00768

STATE OF WISCONSIN,

                 Respondent.

## DECISION AND ORDER

Pro se petitioner Ricky Jones has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He plead guilty in Milwaukee County Circuit Court to operating while intoxicated (fourth within five years) under Wis. Stat. § 346.63(1)(a). On August 10, 2011, the court sentenced him to three years incarceration and three years extended supervision. The court stayed the sentence and placed petitioner on probation for three years with the condition that he serve six months in the House of Corrections. The court also revoked petitioner's driving privileges for two years. Petitioner claims the state court erred by refusing to count the six months he served in jail toward his two-year driver's license suspension. He says that this error has extended his driver's license suspension by six months and asks me to order the state court to reinstate his driving privileges. Aside from this claim, he does not challenge the validity of his conviction or sentence. Respondent moves to dismiss the petition on the ground that petitioner has failed to state a cognizable claim for relief under § 2254.[1]

---

[1] I will order the clerk to correct the name of the respondent in this case. Petitioner identified the State of Wisconsin as the respondent, but the respondent should be Denise

Section 2254 only authorizes a district court to entertain a petition for a writ of habeas corpus where the person seeking the writ is "in custody" pursuant to a state court judgment and seeks relief "on the ground that he is in custody in violation of the Constitutional or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, petitioner is in custody because he is on probation. He has not, however, stated a cognizable claim for habeas relief under § 2254 because he is not challenging his probation. Instead, he is challenging the suspension of his driver's license. Petitioner cannot challenge the suspension of his driver's license in a federal habeas proceeding because "the suspension of driving privileges . . . is not a severe enough restraint on liberty to be properly characterized as 'custody.'" *Harts v. State of Ind.*, 732 F.2d 95, 96–97 (7th Cir. 1984) (per curiam); *see also Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("[C]ourts have held that orders of restitution, fines and the revocation of medical and driver's licenses, do not satisfy the 'in custody' requirement."). Therefore, I will grant respondent's motion to dismiss the petition.

**THEREFORE, IT IS ORDERED** that the clerk shall change the caption in this case to name Denise Symdon, Administrator of the Division of Community Corrections in the Wisconsin Department of Corrections, and Melody Eiland, probation agent, as the respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for a temporary restraining order and preliminary injunction (Docket #3) is **DENIED**.

---

Symdon, Administrator of the Division of Community Corrections in the Wisconsin Department of Corrections, and Melody Eiland, petitioner's probation agent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss (Docket #8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED**. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Therefore, I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2014.

s/ Lynn Adelman
LYNN ADELMAN
District Judge